HENDRY, Judge.
Petitioner, Murray, seeks issuance of a writ of certiorari to review the order of the circuit court which granted a motion to dismiss filed by the county. We grant the relief sought and direct that the order be quashed.
Petitioner is a former employee of Metropolitan Dade County who was dismissed as a CETA park attendant with the Homestead Bay Front Park for alleged violations of the Metropolitan Dade County Personnel Rules, Chapter VIII, for “offensive conduct toward his fellow employees” and “belligerence and antagonism toward superiors and fellow employees.” The findings of fact recited by the hearing officer were explicit and detailed; however, the hearing examiner concluded that the said behavior was not so alien to the type of work and conduct of personnel in the field as to warrant termination, and recommended that Murray be reinstated to his job and have a short period of suspension together with a reprimand. The county manager thereafter adopted the findings of fact but, contrary to the hearing officer’s recommendation, terminated the employment of Murray. Thereafter notice of appeal was filed from the termination order. After the cause proceeded somewhat further, the county filed a motion to dismiss, and subsequent to much procedural maneuvering by both parties, the motion was granted. The apparent basis for the order is that Murray served his notice of appeal upon the county manager when he was actually required to serve such notice upon the personnel director for the county. We cannot agree with this reasoning. A review of the record reveals that petitioner did, in fact, comply with the Rules of Appellate Procedure — that is, a notice of administrative appeal was filed with the office of the county manager within thirty (30) days of the rendition of the county manager’s order, as well as a notice of appeal with the circuit court. See Fla.R. App.P. 9.020 (1977 Revision). The county contends that its personnel director is the “clerk” of the county manager for the purposes of appeal and that because the petitioner did not file a copy of the notice with *885 the personnel director, the circuit court was without jurisdiction to entertain the cause.
Unquestionably, the personnel director does not fall within the definition of “clerk” as defined in Rule 9.020(b). See Section 34.031, Florida Statutes (1977) [Clerk of circuit/county court] and Chapter 28, Florida Statutes (1977) [Clerks of the circuit courts, rights and duties, etc.] and compare with Sections 2-27 and 2-28 of the Code of Metropolitan Dade County. The petitioner clearly complied with the requirements for appeal of the county manager’s decision.
The order under review is hereby quashed.